■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY

GEHRMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 2, 1976, convicting him of criminal possession of a controlled substance in the third degree, on his plea of guilty, and imposing sentence. The appeal also brings up for review so much of an order of the same court, dated April 20, 1976, as, after a hearing, denied the branch of defendant's motion which sought suppression of the contents of a certain brown paper bag. Judgment affirmed and order affirmed insofar as reviewed. Under the circumstances of this case, the County Court properly denied the branch of defendant's motion which sought to suppress the contents of the bag. A police officer, responding to an emergency call from the defendant's landlord, found the defendant lying unconscious on the floor of the living room of his apartment, surrounded by seven hypodermic syringes and a number of loose pills. The scene must have been reminiscent of a "shooting gallery". With the assistance of two firemen, the defendant was revived and seated on a couch. The officer decided to arrest the defendant for criminal possession of the hypodermic syringes and instructed the firemen to watch the defendant. The officer then left the apartment briefly to radio his superiors for assistance. On re-entering the apartment he looked into the kitchen and bedroom and found more pills and apparent drug paraphernalia in plain view. He did not open any drawers or cabinets. He then returned to the living room and noticed a partially opened brown paper bag on the floor at a distance of approximately eight feet from the defendant's position on the couch. When defendant had been lying on the floor, the bag had been one and one-half feet to the left of his left arm. Through the opening, he was able to see a number of green and white boxes which he recognized, both from his training as a police officer and his prior employment in a pharmacy, to be pharmaceutical boxes. He opened the bag and removed the boxes, which proved to contain Demerol and codeine sulphate. The County Court suppressed the items found in the kitchen and bedroom; the defendant concedes that the seizure of the items in the living room, with the exception of the contents of the brown paper bag, was lawful. On this record, the contents of the bag were properly not suppressed. The officer had probable cause to believe that the pharmaceutical boxes contained narcotics. The delay in the search was of no legal consequence (see *People v Brosnan,* 32 NY2d 254, 257). It is irrelevant that the officer had no fear that defendant would attack him (see *United States v Robinson,* 414 US 218, 236; *People v Fitzpatrick,* 32 NY2d 499, 508, cert den 414 US 1033), or that when the defendant was on the couch the bag may no longer have been within his "grabbable" area (see *People v Fitzpatrick, supra; People v Clements,* 37 NY2d 675). Nor can it be said that the seizure of the bag was unlawful because of the failure to obtain a warrant; the contents of the boxes were readily disposable and the case should be viewed from the perspective of the police officer in the circumstances then confronting him (see *People v Clements, supra,* pp 679–681; see, also, *People v Jackson,* 41 NY2d 146, 149). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.